Judy J. WENTZ, wife of/and John Bruce Wentz, Plaintiffs-Appellants,

v.

KERR–McGEE CORPORATION, Defendant-Appellee.

Aime BROWN, wife of/and David L. Brown, Plaintiffs-Appellants,

v.

CONOCO, INC., Defendant-Appellee.

Nos. 85–3289, 85–3414.

United States Court of Appeals, Fifth Circuit.

March 12, 1986.

Harvey J. Lewis, Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, La., for plaintiffs-appellants.

Wood Brown, III, New Orleans, La., for defendant-appellee.

Laurence E. Best, Abbott, Webb, Best & Meeks, Geoffrey P. Clement, New Orleans, La., for Conoco, Inc.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellee Kerr-McGee Corporation owned and operated a fixed platform on the outer Continental Shelf. This platform was used to extract oil, gas, and other minerals from the seabed. On March 2 and 6, 1984, appellant John Wentz, while employed by Kerr-McGee as an electrician, was injured aboard this platform as a result of a fellow employee's negligence. Wentz and his wife subsequently brought an action in tort against Kerr-McGee in the Eastern District of Louisiana, claiming under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331 *et seq.* Mrs. Judy Wentz also claimed damages for loss of consortium under Louisiana law. La.Civ.Code Ann. art. 2315 (West Supp.1985).

On March 1, 1985, Kerr-McGee moved to dismiss the Wentzs' suit under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cause of action. Kerr-McGee argued that the only remedy under § 1333(b) against an employer for an employee's disability or death was the Longshoremen and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq.*[1] The Wentzs responded that the 1978 amendments to the OCSLA had created a cause of action in tort for employees against their employers distinct from the LHWCA. The district court rejected the Wentzs' argument and dismissed their suit.

Appellant David Brown was similarly injured in July, 1983, aboard an offshore platform owned and operated by his employer, appellee Conoco, Inc. Brown and his wife brought claims against Conoco on the same grounds as those raised by the Wentzs. The district court granted Conoco's motion for summary judgment and dismissed the Browns' claims. Because the issues presented on appeal by the Browns and the Wentzs are identical, we consolidate both appeals on our own motion.

It was well-settled prior to 1978 that the exclusive remedy against an employer for an employee's injury or death within the scope of the OCSLA was the LHWCA. *E.g., Nations v. Morris,* 483 F.2d 577, 587–88 (5th Cir.), *cert. denied,* 414 U.S. 1071, 94 S.Ct. 584, 38 L.Ed.2d 477 (1973). Appellants argue, however, that Sections 23–24 of the OCSLA, 43 U.S.C. §§ 1349–1350 (1982), added by the 1978 amendments, by implication created an independent right of action in tort against an employer for the disability or death of an employee on the outer Continental Shelf.

It is clear that Congress intended to create no new cause of action under the OCSLA for the disability or death of employees such as Brown or Wentz. The Conference Report states:

This amendment involve[s] no change in existing law. It [is] not the intent of the managers to alter in any way the existing coverage of the Longshoremen's Act, nor of other remedies that may be available for injury or death.

H.R.Conf.Rep. No. 95–1474, reprinted in 1978 U.S.Code Cong. & Ad.News 1950, 1674, 1680. Appellants argue that this language is not dispositive. They contend that Con-

---

1. Section 1333(b) now provides:

   With respect to disability or death of an employee resulting from any injury occurring as the result of operations conducted on the outer Continental Shelf for the purpose of exploring for, developing, removing, or transporting by pipeline the natural resources, or involving rights to the natural resources, of the subsoil and seabed of the outer Continental Shelf, compensation shall be payable under the provisions of the Longshoremen's and Harbor Workers' Compensation Act....

   Note that this provision remains in the Code as § 1333(b) after the comprehensive 1978 amendments which are discussed immediately ahead.

gress created, in 1978, a new action in tort to supplement the LHWCA remedy. We reject this contention for two reasons.

First, it would vitiate the exclusivity of the LHWCA remedy. Such a result cannot be reconciled with the explicit statement of congressional purpose to the contrary quoted above. Second, this argument misconstrues the purposes behind §§ 1349-1350. There is, to be sure, language in § 1349(b) which taken alone might be read broadly enough to support appellants' position that a new cause of action in tort was created for injured employees against their employers.[2] Section § 1349(b), however, applies by its own terms only to the jurisdiction and venue of OCSLA actions in federal courts. In deleting the general jurisdictional provision of pre-1978 § 1333,[3] Congress made clear that nothing more drastic than reenactment of this provision was contemplated by the enactment of subsection (b), the jurisdiction and venue portion of § 1349. The conference report provides:

The conference report also adopted a conforming change to section 4(c) [now § 1333(b) ] of the 1953 OSC Act. Section 4(c) describes the application of the Longshoremen's and Harbor Workers' Compensation Act and makes reference to section 4(b) of the original 1953 act. Section 4(b), providing the jurisdictional bases for cases and controversies, has been deleted and an analogous provision adopted as part of a comprehensive section 23 on "Citizen Suits, Court Jurisdiction, and Judicial Review." [now § 1349].

1978 U.S.Code Cong. & Ad.News at 1680.

The only new private right of action created by § 1349 is contained in § 1349(a). This provision permits a private citizen to bring suit to enforce the OCSLA and any regulations promulgated pursuant to it, and to seek civil penalties.[4] A citizen thus may become a "private attorney general" with regard to OCSLA enforcement. The scope of this provision may be potentially far-reaching. But it is an enforcement action, not a strict liability tort claim for personal injury as appellants assert in these cases.

---

**2.** § 1349(b) is Titled Jurisdiction and Venue of Actions and provides:

(1) Except as provided in subsection (c) of this section, the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals, or (B) the cancellation, suspension, or termination of a lease or permit under this subchapter. Proceedings with respect to any such case or controversy may be instituted in the judicial district in which any defendant resides or may be found, or in the judicial district of the State nearest the place the cause of action arose.

(2) Any resident of the United States who is injured in any manner through the failure of any operator to comply with any rule, regulation, order, or permit issued pursuant to this subchapter may bring an action for damages ... only in the judicial district having jurisdiction under paragraph (1) of this subsection.

**3.** The pre-1978 version of § 1333(b) read as follows:

Jurisdiction of United States district courts (b) The United States district courts shall have original jurisdiction of cases and controversies arising out of or in connection with

any operations conducted on the outer Continental Shelf for the purpose of exploring for, developing, removing or transporting by pipeline the natural resources of the subsoil and seabed of the outer Continental Shelf, and proceedings with respect to any such case or controversy may be instituted in the judicial district in which any defendant resides or may be found, or in the judicial district of the adjacent state nearest the place where the cause of action arose....

**4.** § 1349(a)(1) provides:

Except as provided in this section, any person having a valid legal interest which is or may be adversely affected may commence a civil action on his own behalf to compel compliance with this subchapter against any persons, including the United States, and any other government instrumentality or agency (to the extent permitted by the eleventh amendment to the Constitution) for any alleged violation of any provision of this subchapter or any regulation promulgated under this subchapter, or of the terms of any permit or lease issued by the Secretary under this subchapter....

1349(a) then goes on to set out a required procedure of notification of public officials before such a citizen suit can be brought.

Appellants also argue that § 1350(e)[5] supports their argument. Section 1350 provides for extraordinary relief, civil penalties and criminal penalties only. It makes no reference to the recovery of damages for injuries to private parties. Nor was any intended. Congress intended only that "the remedies and penalties in this section are to be concurrent with each other, and any other remedies afforded by any other law or regulation." H.R.Rep. No. 95–590, reprinted in U.S.Code Cong. & Ad. News 1450, 1570.

Since the 1978 amendments this Court has continued to treat the LHWCA as the exclusive remedy of an injured employee against his or her employer. *E.g. Stansbury v. Sikorski Aircraft,* 681 F.2d 948, 950 (5th Cir.), *cert. denied,* 459 U.S. 1089, 103 S.Ct. 573, 74 L.Ed.2d 935 (1982). We hold that this is the controlling law and Congress has not changed it. Brown and Wentz are bound by the exclusive remedy provision of the LHWCA. Their wives also have no independent causes of action. *Stansbury,* 681 F.2d at 951.

AFFIRMED.

**5.** § 1350(e) provides:

The remedies and penalties prescribed in this subchapter shall be concurrent and cumulative and the exercise of one shall not preclude the exercise of the others. Further, the remedies and penalties prescribed in this subchapter shall be in addition to any other remedies and penalties afforded by any other law or regulation.